REED SMITH LLP
Eric A. Schaffer, Esq.
599 Lexington Avenue, 22nd Floor
New York NY  10022
Telephone:  (212) 521 5400
Facsimile:  (212) 521 5450
eschaffer@reedsmith.com
*Attorneys for U.S. Bank National Association*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
In re:                                                        :
                                                              :  Chapter 11
                                                              :
VTE PHILADELPHIA, LP,                                         :
                                                              :  Case No. 13-10058-alg
                                                              :
                                        Debtor.               :
------------------------------------------------------------- x

**STIPULATED ORDER BETWEEN THE DEBTOR, VTE PHILADELPHIA, LP,
AND U.S. BANK NATIONAL ASSOCIATION**

This matter is before the Court upon the stipulation (the "Stipulation") between the Debtor, VTE Philadelphia, LP (the "Debtor"), by and through its proposed counsel, Nachamie Spizz Cohen & Serchuk, P.C., and U.S. Bank National Association ("U.S. Bank"), by and through its counsel, Reed Smith LLP.  The Court, having reviewed the Stipulation and finding that jurisdiction over this matter exists pursuant to 28 U.S.C. §§157 and 1334 and having determined that the legal and factual bases set forth in the Stipulation establish just cause for the relief granted herein,

IT IS HEREBY FOUND and DETERMINED that:

A.     This is a single-asset real estate bankruptcy case involving a vacant parcel of real property owned by the Debtor and located at 709-717 Penn Street, Philadelphia, Pennsylvania (the "Property").

B.     The Debtor is a Pennsylvania limited partnership formed for the purpose of constructing a hotel and condominium complex identified as "Trump Tower" on the Property.

    C. On or about July 26, 2007, U.S. Bank made a loan (the "Loan") to the Debtor pursuant to the terms and conditions set forth in the *Acquisition and Project Loan Agreement* dated July 26, 2007 (the "Loan Agreement"). To evidence its obligations under the Loan, the Debtor executed and delivered to U.S. Bank a certain *Promissory Note* dated July 26, 2007 in the original principal amount of $17,500,000, plus interest, late charges, and other fees accruing thereafter (the "Note").

    D. To secure its obligations under the Loan Agreement and Note, the Debtor executed and delivered to U.S. Bank a certain *Open-End Mortgage, Assignment of Leases and Rents, Security Agreement* dated July 26, 2007 (the "Mortgage," and together with the Loan Agreement, Note, and all documents related thereto, the "Loan Documents") that granted U.S. Bank a lien upon, and a security interest in, the Property (as defined in the Mortgage, the "Mortgaged Property"). The Mortgage was recorded in the Office of the Commissioner of Records for Philadelphia, Pennsylvania as Instrument No. 51745783 on August 1, 2007.

    E. Pursuant to the terms of the Loan Documents, the Loan matured on February 1, 2009 (the "Maturity Date").

    F. Certain Events of Default occurred and are continuing under the Loan Documents by virtue of, *inter alia*, the Debtor's failure to pay all amounts outstanding under the Loan Documents on the Maturity Date, as well as the Debtor's failure to satisfy real estate tax obligations accruing against the Mortgaged Property for the 2010, 2011, and 2012 tax years.

    G. On September 7, 2011, U.S. Bank filed a *Verified Complaint in Mortgage Foreclosure* against the Debtor before the Court of Common Pleas of Philadelphia County, Pennsylvania (the "State Court").

    H. U.S. Bank also filed a motion with the State Court seeking the appointment of a receiver for the Mortgaged Property. By Order dated February 2, 2012 (the "February 2, 2012 Order"), the State Court granted U.S. Bank's petition and appointed Douglas Wilson Companies as the receiver (the "Receiver") for the Mortgaged Property. Among other things, the State Court directed the Receiver to take possession of the Mortgaged Property and to secure and maintain the same. A true and correct copy of the February 2, 2012 Order is attached hereto as **Exhibit A**.

    I. Since the entry of the February 2, 2012 Order, the Receiver has taken possession of the Mortgaged Property, secured the same, and paid the real estate taxes accruing for the 2012 tax year.

    J. On August 13, 2012, the State Court granted U.S. Bank's motion for summary judgment and entered judgment against the Debtor in the amount of $16,876,972.36 (the "Original Judgment").

    K. In consideration of U.S. Bank's petition to supplement the Original Judgment, the State Court issued an Order dated December 18, 2012 which entered a judgment against the Debtor in the amount of $22,850,018.76 plus interest, fees, and expenses accruing on or after November 1, 2012 (the "Final Judgment"). A true and correct copy of the Final Judgment is attached and incorporated herein as **Exhibit B**.

    L. U.S. Bank thereafter obtained a writ of execution to sell the Mortgaged Property at a judicial sale to be conducted by the Sheriff of Philadelphia County, Pennsylvania on January 8, 2013 (the "Sheriff's Sale").

M. On January 7, 2013 (the "Petition Date"), the Debtor filed its voluntary petition for bankruptcy relief with this Court. By virtue of the automatic stay imposed under 11 U.S.C. § 362, the Sheriff's Sale was stayed pending a further Order from this Court.

N. Notwithstanding the filing of the Debtor's bankruptcy proceedings, the Receiver has retained possession of the Mortgaged Property with the consent of both the Debtor and U.S. Bank.

O. The Debtor and U.S. Bank hereby enter into this Stipulation to confirm the Receiver's authority to control the Mortgaged Property pursuant to 11 U.S.C. § 543(d).

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Pursuant to the terms of this Stipulation, the Receiver is relieved of any obligation under 11 U.S.C. § 543, including but not limited to, the obligation to turn over assets or property of the Debtor.

2. The Receiver is authorized to retain control of the Mortgaged Property and may continue to collect rents, issues, and profits (if any) and may make disbursements, provided that all such actions are limited to those necessary to preserve, protect, and care for the Mortgaged Property. To the extent not inconsistent with this Stipulation, the Receiver shall continue to comply with the terms of the State Court's February 2, 2012 Order, including but not limited to, making periodic reports to the Debtor and U.S. Bank. **Debtor shall file a copy of such reports or a summary thereof on the docket of this case.**

Dated: February 26, 2013        **s/Allan L. Gropper**
New York, New York              UNITED STATES BANKRUPTCY JUDGE

CONSENTED TO BY:

/s/ Alex Spizz
Nachamie Spizz Cohen & Serchuk, P.C.
425 Park Avenue
New York, NY  10022
(212) 754-9400
Alex Spizz, Esq.
Arthur Goldstein, Esq.

*Proposed Attorneys for the Debtor,*
*VTE Philadelphia, LP*


/s/ Eric A. Schaffer
REED SMITH LLP
Eric A. Schaffer, Esq.
599 Lexington Avenue, 22nd Floor
New York NY  10022
Telephone:  (212) 521 5400
Facsimile:  (212) 521 5450
eschaffer@reedsmith.com

*Attorneys for U.S. Bank National Association*