Hearing Date: March 19, 2013
Hearing Time: 10:00 a.m.

NACHAMIE SPIZZ COHEN & SERCHUK, P.C.
Counsel to **VTE Philadelphia, LP**
Debtor and Debtor-in-Possession
425 Park Avenue
New York, NY  10022
(212) 754-9400
Alex Spizz, Esq.
Arthur Goldstein, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

In re:                                                      Chapter 11

VTE PHILADELPHIA, LP,                          Case No. 13-10058 (ALG)

                        Debtor.
_____x

### DEBTOR'S OBJECTION TO THE MOTION OF U.S. BANK NATIONAL ASSOCIATION FOR ENTRY OF ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY, OR IN THE ALTERNATIVE, DISMISSING THE BANKRUPTCY CASE

The Debtor by its attorneys Nachamie Spizz Cohen & Serchuk, P.C., as and for its objection to the motion of U.S. Bank National Association ("U.S. Bank") for Entry of Order Granting Relief from the Automatic Stay, or in the Alternative, Dismissing the Bankruptcy Case (the "Motion") respectfully alleges as follows:

1.   The Debtor filed a voluntary petition of reorganization under Chapter 11 of title 11, United States Code (the "Bankruptcy Code") on January 7, 2013.  The Debtor acknowledges that it is a "single asset real estate" case within the meaning of 11 U.S.C. §101(51B).

2.   The Debtor was formed for the sole purpose of building a hotel and condominium complex (the "Project") on vacant water front property located at 709-717

279113v1

North Penn Street, Philadelphia, Pennsylvania (the "Property"). Due to the collapse in the real estate market in Philadelphia, the Debtor, after having invested in excess of $12,000,000, has been unable to move forward with the project.

3. The Debtor admits to the factual allegations set forth in paragraphs 3 through 23 of the Motion. As Debtor's counsel advised this Court at the initial case conference held on February 26, 1013, it was and is having discussions with potential foreign investors seeking permanent residency in the United States and who are willing to invest at least $1,000,000[1] in the United States under the Immigration Act of 1990 ("Immigration Act"). Under the Immigration Act, qualified foreign investors can obtain an EB-5 Investor's Visa and establish permanent residency in the United States. The foreign investors with whom the Debtor has been negotiating with are looking to invest in the Project and gain permanent residency in the U.S. as contemplated by the Immigration Act.

4. Unfortunately those negotiations have not as of this date resulted in any agreements which would allow the Debtor to file a plan of reorganization. The Debtor's principals, however, have sufficient faith in the prospect of these negotiations that they are willing to commence monthly payments to U.S. Bank in accordance with 11 USC §362 (d)(3).

5. Section 362 (d)(3) requires the Court to terminate the automatic stay unless:

> "with respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within that 90-day period) or 30 days after the court determines that the debtor is subject to this paragraph, whichever is later-

---

[1] $500,000 in areas of high unemployment, including Philadelphia where the Debtor's property is located.

> (A)  the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or
>
> (B)  the debtor has commenced monthly payments that-
> (i)  may, in the debtor's sole discretion, notwithstanding section 363(c)(2), be made from rents or other income generated before, on, or after the date of the commencement of the case by or from the property to each creditor whose claim is secured by such real estate (other than a claim secured by a judgment lien or by an unmatured statutory lien); and
>
> (ii)  are in an amount equal to interest at the then applicable nondefault contract rate of interest on the value of the creditor's interest in the real estate; or

6.   The Debtor is prepared to make monthly payments to U.S. Bank at the applicable non default contract rate of interest on the value of U.S. Bank's interest in the property pursuant to §362(d)(3)(B).

7.   It appears by U.S. Bank's Motion that they have accepted the Debtor's value of $2,000,000 which it has placed on the Property pursuant to its schedules.

8.   The non default rate of interest payable to U.S. Bank is determined by the formula contained in the Acquisition Project Loan Agreement dated July 26, 2007 by and between the Debtor and the Bank ("Loan Agreement").  A copy of the Loan Agreement is annexed hereto and marked as **Exhibit "A"**.

9.   The non default rate established by the Loan Agreement and mortgage is a variable monthly rate based upon the "1-Month LIBOR Rate" quoted from Reuters Screen LIBOR01 Page or any successor thereto designated by the Bank.[2]

10.   The Debtor, in order to keep the automatic stay in place to allow additional time to reorganize is prepared to pay U.S. Bank monthly interest payments starting on or

---

[2]  Definition LIBOR Rate page 7 Loan agreement plus 250 basis points i.e 2.50%.

279113v1                                              3

before April 1, 2013 at the rate of the 1-Month LIBOR plus 2.5% on the value of the Bank's interest in its property i.e. $2,000,000.

11. As additional adequate security, Debtor has obtained through December 20, 2013 commercial general liability insurance on the Property in the amount of $2,000,000. A copy of the insurance binder is annexed hereto and marked as **Exhibit "B"**.[3]

12. The Property is necessary for a reorganization. The Debtor's waterfront property location was specifically chosen for the Project and is the only means that the Debtor has to reorganize. If the stay is lifted or the case is dismissed the Property will be lost and the Debtor will have no ability to reorganize.

## CONCLUSION

13. In order to maintain the automatic stay and allow the Debtor the opportunity to reorganize, the Debtor is prepared pursuant to §362 (d)(3)(B) commencing on or before April 1, 2013 to begin making payments to U.S. Bank based on the non default contract rate of interest on U.S. Bank's interest in the Debtor's real property.

**WHEREFORE**, the Debtor respectfully requests that U.S. Bank's Motion to terminate the automatic stay and or dismiss the case should in all respects be denied.

Dated: New York, New York
March 12, 2013

                                    NACHAMIE SPIZZ COHEN
                                    & SERCHUK, P.C.
                                    Counsel to VTE Philadelphia, LP

                              By: _s/ Alex Spizz_____
                                    Alex Spizz, Esq.
                                    425 Park Avenue
                                    New York, NY 10022
                                    Phone: (212) 754-9400
                                    Fax: (212) 754-6262

---

[3] A copy of the entire insurance policy consisting of 52 pages is available upon request.